UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| WESLEY N. AVILA, | ) | |
| Plaintiff, | ) ) | Case No. 2:16-cv-01831-GMN-GWF |
| vs. | ) ) | **ORDER** |
| SERGEANT JOHN DOE, *et al.*, | ) ) | Application to Proceed *in Forma Pauperis* (ECF No. 1) and Screening of |
| Defendants. | ) ) | Complaint (ECF No. 1-1) |

This matter comes before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 1), filed on August 1, 2016. Also before the Court is Plaintiff's Motion for Appointment of Counsel (ECF No. 2), filed on August 1, 2016.

## BACKGROUND

Plaintiff brings this complaint pursuant to 42 U.S.C. § 1983 alleging that two unknown officers and an unknown sergeant from the Henderson Police Department violated his civil rights on or about November 25, 2014.[1] Plaintiff alleges that on November 25, 2014, Defendants unreasonably executed a search warrant that they obtained to search Plaintiff's home in an attempt to locate a hit and run suspect. Plaintiff states that when the officers arrived at his home, he gave them the key to his home, advised them that all of the doors were unlocked and open, and then he and his family left the home as instructed. Upon returning home, approximately eight hours later, Plaintiff observed that his home and his personal belongings were completely destroyed. He alleges for instance, that every window was blown out, the doors were ripped off the hinges, and

---

[1] The caption of Plaintiff complaint lists the Henderson Police Department as a defendant in this action. However, the body of the complaint only identifies the sergeant and two officers. If Plaintiff does in fact wish to assert claims against the Henderson Police Department he may file a motion to amend his complaint and provide the Court with sufficient facts to support his claim. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

there was tear gas covering everything in the home. Plaintiff therefore alleges that Defendants violated his civil rights by "executing [a] search warrant with excessive and unnecessary use of destructive force upon [his] residence."

## DISCUSSION

### I. Application to Proceed In Forma Pauperis

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

### II. Screening the Complaint

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2).

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See*

*Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id., See Papasan v. Allain,* 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III.    Instant Complaint**

    **A.    Municipal Employee Liability Under § 1983 - *Monell* Claim**

To succeed on a *Monell* official-capacity action against a municipality's employee (*e.g.*, a police officer), a plaintiff must demonstrate that a policy or custom of an entity contributed to the violation of federal law.  *Kentucky v. Graham,* 473 U.S. 159, 166 (1985).  In order for a plaintiff to establish personal liability in a 1983 action, it is enough to show that the municipal employee, acting under color of state law, caused the constitutional violation.  *Id.*; *see, e.g., Monroe v. Pape,* 365 U.S. 167 (1961).  Here, Plaintiff alleges in Count I that Defendants Sergeant John Doe, Officer John Doe #1 and Officer John Doe #2 violated his Fourth Amendment right against unreasonable searches and seizures when they conducted an allegedly unreasonable search of Plaintiff's home.  The Court finds that Plaintiff's claim against Defendant, in their individual capacity, does allege a Fourth Amendment violation.  However, the Court finds that Plaintiff failed to demonstrate what policy or custom contributed to the violation of his constitutional right under the Fourth Amendment.  Therefore, the Court will dismiss the § 1983 claim against Defendants, in their official capacity, without prejudice, and will give Plaintiff leave to amend his complaint to state sufficient facts to

state an official capacity claim, if he is able to do so.

### B. "Doe" Defendants

As a general rule, pleading fictitious or doe defendants is improper in federal court. *See Bogan v. Keene Corp.*, 852 F.2d 1238, 1239 (9th Cir.1988). This is because "[t]here is no provision in the Federal Statutes or Federal Rules of Civil Procedure for use of fictitious parties." *Fifty Associates v. Prudential Ins. Co.*, 446 F.2d 1187, 1191 (9th Cir.1970); *see also McMillan v. Department of the Interior*, 907 F.Supp. 322 (D.Nev. 1995). "If there are unknown persons or entities, whose role is known, that fact should be expressed in the complaint, but it is unnecessary and improper to include "Doe" parties in the pleadings." *Graziose v. Am. Home Prod. Corp.*, 202 F.R.D. 638, 643 (D. Nev. 2001).

Because Plaintiff has not identified the Henderson sergeant and officers involved in the allegedly improper search of his home, this case cannot proceed against them at this time. Once Plaintiff is able to identify the sergeant and officers involved, he may file a motion to amend the complaint to add each Defendant's name. At that time, the Court can issue summons and this case may proceed.

## II. Plaintiff's Motion for Appointment of Counsel

There is no constitutional right to the appointment of counsel in civil cases.[2] *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). A court may only designate counsel pursuant to 28 U.S.C. § 1915(e)(1) in exceptional circumstances. *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005). In determining whether counsel should be appointed, the Court has discretion to consider four relevant factors: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel; (3) the meritoriousness of the plaintiff's claim; and (4) the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. *Ivey*, 673 F.2d at 269; *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

---

[2] Plaintiff's motion cites to Title 18 § 3006A of the Federal Rules of Criminal Procedure which is inapplicable here because 42 U.S.C. § 1983 provides for *civil* actions for deprivation of rights.

While the Court has found that Plaintiff may proceed in federal court *in forma pauperis*, the Court does not believe Plaintiff has demonstrated that the remaining factors weigh in favor of appointing counsel at this time. Plaintiff does not set forth any attempts he has made to obtain counsel and from a review of his complaint, Plaintiff appears to be able to sufficiently articulate his claims. In addition, although the Court has found that Plaintiff's Complaint has made the threshold showing to proceed past the initial screening, the Court is not convinced that Plaintiff's claims are meritorious. Therefore, the Court will deny Plaintiff's motion, without prejudice. Plaintiff may renew his motion at a later time if he believes he would be able to make the requisite showing of necessity.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is advised that litigation will not commence upon the filing of an amended complaint. Rather, the Court will need to conduct an additional screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that those claims be dismissed with prejudice.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* is **granted**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of

security therefor.  This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate #1149052), in the months that the account exceeds $10.00, until the full $400 (which includes the $350 filing fee and $50 administrative fee) filing fees have been paid for this action.  The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office.  The Clerk shall also send a copy of this Order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that Count I of Plaintiff's Complaint, alleging Fourth Amendment violations by Defendants Sergeant John Doe, Officer Joe Doe #1 and Officer John Doe #2, in their individual capacity, may proceed once Plaintiff is able to properly identify them.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file Plaintiff's Complaint (ECF No. 1-1).

DATED this 1st day of February, 2017.

_George Foley Jr._
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE